FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 3 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University

System of Georgia

*Defendant*

Civil Action No. 1:16-CV-1350-AT

## AMENDED COMPLAINT

Ryan Patrick Nicholl, the Plaintiff, hereby amends the complaint to this civil action against the Board of Regents of the University System of Georgia, the Defendant pursuant to FRCvP § 15 (a) (1) (B). The following amended claims are asserted before this Court:

1. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331. The Atlanta Division of this Court has jurisdiction within Cobb County, Georgia. The Plaintiff is a resident of Cobb County, Georgia, the dispute arises out of dealings within Cobb County, Georgia, and the claims hereinafter include claims related to Federal Law.

2. That Kennesaw State University does not appear to be a distinct legal entity from the Board of Regents. The claims hereafter related to interactions with

1

Kennesaw State University and by extension the Board of Regents.

3. The Plaintiff was charged as follows:

   - Access 40 Meal Plan - Fall 5208 13-AUG-2015 $475.00

   - Access 14 Meal Plan - Spring 5203 07-JAN-2016 $160.00

4. That on UNKNOWN DATE the Plaintiff did converse via telephone with the Culinary Department asking for the the first meal plan to be removed. That the culinary Office of KSU did direct the Plaintiff to the Legal Department of KSU. On 2015-8-20 the Plaintiff did submit via email to <asklegal@kennesaw.edu> a petition to remove meal plan. In reference to the previous item, on 2015-8-20 the Plaintiff did submit a request for confirmation of receipt of this email. That on 2015-8-26 the Plaintiff did submit an Open Records Act Request via email to <asklegal@kennesaw.edu> regarding the meal plan. That on 2015-8-31 the Plaintiff did receive a collection of documents, reading in part (emphasis added):

   Meal Plan Exemption for 2015-2016

   [...]

   All forms must be received no later than **August 3rd 2015 by 5:00pm**. **No exceptions.** Failure to submit needed forms by the prescribed date will result in a failed appeal. The Appeals

Committee must also have a completed and accurate FAFSA for
2015-2016

That such Meal Plan documents provided options for opting out only due to
medical or financial reasons, but no options for opting out due to legal rea-
sons. That on 2015-8-31 the Plaintiff did submit a request for a phone con-
versation regarding the meal plan. That on UNKNOWN DATE the Plaintiff
did converse via telephone with Jermaine Johnson, KSU Assistant General
Counsel and explained such grounds as the Plaintiff then believed were suf-
ficient for removal of the meal plan. That on 2015-9-2 Jermaine Johnson did
request more information about the concerns in writing. That on 2015-9-6
the Plaintiff did submit in writing all concerns known to the Plaintiff at the
time. That on 2015-9-12 the Plaintiff did request confirmation that the afore-
mentioned email was received. That on 2015-9-25 the Plaintiff did declare
that the Plaintiff still contested the charges via email. That on 2015-10-24
the Plaintiff did submit a complaint to the Board of Regents via an online
form. That on 2015-10-26 the Board of Regents did direct the Plaintiff to the
Culinary Department in response to the previously mentioned submission.
That on 2016-1-20 Kennesaw State University was provided by a licensed
process server a demand for an administrative hearing to contest the meal
plan charges. That Jermaine Johnson claimed that the claim would be ad-
dressed by an "administrator from operations". That Kennesaw State Uni-

3

versity did not schedule any administrative hearing. That Jermaine Johnson later rejected the claims without scheduling a hearing. That the Plaintiff also made additional phone calls and communications not specified above. Such interactions including repetitive referrals by the Culinary Department to the Legal Department and by the Legal Department to the Culinary Department.

5. That the Plaintiff did not agree to the Mandatory Meal Plans and such charges are therefore invalid. When registering, the only mention of the meal plans was that students "may" be charged a meal plan. This statement was accompanied to a link to information about meal plans in general. Such information provided a numerous number of links and was part of the main website. The Plaintiff did discover the existence of at least one "meal plan contract". Such contract had an individual signature line. The Plaintiff at no point accepted this meal plan contract or signed any such contract. Nor was the Plaintiff notified within the registration agreement that the Plaintiff would be bound by the terms of any such meal plan contract, or that such meal plan contract was incorporated into the registration agreement. Nor was the Plaintiff presented the meal plan contract and asked to sign it or otherwise agree to the terms and conditions of the separate meal plan contract provided therein. The Plaintiff held a reasonable belief that if the Board of Regents decided to charge a meal plan, the Plaintiff would be presented such contract and asked to sign it. It appears that the Defendant believes it

4

is entitled to create a contract by simply issuing an internal policy that all students must purchase meal plans, and that it can bind students via contract law without the informed consent of such students simply because it is "the Government". Nor does posting a policy about which students will be charged a meal plan contract somewhere on the incredibly large and disorganized website hosted for Kennesaw State University constitute adequate notice.

6. That the the registration agreement terms relating to the Mandatory Meal Plans are illusory and therefore invalid. The Plaintiff was at no point presented a specific and articulable meal plan contract to which it was clearly specified that the Plaintiff was agreeing to. The terms of the registration agreement did not specify that the Plaintiff "would" be bound by such terms. It is well established within Georgia law that valid contracts must be sufficiently specific as to provide all parties with adequate notice of the exact requirements required of them. A contract which places no obligation on the Board of Regents and allows it to unilaterally dictate the terms of the agreement without consent of the parties is illusionary given that equally, by the same terms, the Board of Regents could ignore such terms completely and remain in compliance with such terms.

7. That the Plaintiff did not obtain any meals during the duration of availability of either meal plan, making the contract if it did exist void due to uncon-

5

scionably and failure of consideration.

8. That the Mandatory Meal Plans are illegal because the "opt-out" deadline ends before eligibility for the mandatory meal plan is determined, violating Due Process under both the Georgia Constitution and U.S. Constitution. The Plaintiff was deprived of property without Due Process of law, and without proper notice and opportunity.

9. That administrative remedies provided by the Board of Regents were exhausted, futile, and inadequate. The administrative "Mandatory Meal Plan" opt-out procedures are inadequate because they do not provide an option to opt-out for legal reasons. The Board of Regents is not capable of holding a jury trial, therefore administrative dispute resolution would not be sufficient for the Plaintiff's right to a jury trial pursuant to the Georgia constitution.

10. The Mandatory Meal Plans are not authorized by the Board of Regents because the implementation does not meet the definition of a "food service fee". (Board of Regents Policy Manual § 7-3-2-2). Further, the Plaintiff is not aware of any authorization of the fees as a "mandatory fee". The Plaintiff submitted an open records act request requesting evidence of authorization of the meal plans but did not receive it, and that the Plaintiff is therefore likely to discover that such authorization does not (or did not at the relevant time) exist.

6

11. The Mandatory Meal Plans are in general restraint of trade, and an illegal tying arrangement pursuant to GA Code § 13-8-2. The Mandatory Meal Plans violate 15 U.S.C. § 1-7 et seq. and 15 U.S.C. § 12-27 et seq. The Mandatory Meal plans tie unrelated services of food and education together and are an illegal tying arrangement. The Defendant attempts to force students to purchase a Mandatory Meal Plan to promote interests of the Defendant's contractors and affiliates in an anticompetitive manner. The Mandatory Meal Plan affects a substantial amount of commerce. Based on information and belief, that the Board of Regents consists of active market participants and is not actively supervised by the State.

12. Any regulation requiring students to purchase specific meal plans burdens interstate commerce and is therefore illegal as it exceeds the authority of the State of Georgia. The Plaintiff wishes to purchase his meals from out of state, and the Defendant attempts to require students to purchase meals from the Defendant and Defendant's contractors. When the State compels individuals to purchase, from particular in-state corporations, life essential products, it in effect discriminates against out-of-state corporations which provide the same services.

13. If the Mandatory Meal Plans *were* a tax, they would be an unconstitutional one under the Due Process, Equal Protection, First Amendment and Fifth Amendment.

7

14. The denial of higher education without agreeing to the terms of a contract is a sufficient coercive factor to implicate the fundamental rights under both the State and Federal Constitution. There exists a substantial number of occupations that one cannot legally entertain without obtaining a license, to which a degree is a prerequisite. By requiring potential practitioners of specific occupations to obtain degrees from accredited institutions in order to practice such occupations, the Government requires individuals to accept one of a number of certain contracts in order to legally practice in the fields of such regulated occupations. By extension, the contracts themselves gain a character of law and governmental power imbued in them by professional licensing requirements. When the very institutions that we call "public" schools fail to provide contracts which respect the fundamental rights of individuals, it becomes questionable whether it is possible for a person to obtain licensing in a regulated occupational field without surrendering their constitutional rights. The government must provide avenues for professional licensing that do not require agreement to contracts which infringe the fundamental rights of the people. In consideration of the character of law imbued in such contracts between public universities and their students, such contracts ought to be subject to the same standards of review as statutes.

15. Choice of culinary provider is an unenumerated right under both the Georgia Constitution Article I. Section I. Paragraph XXVIII., and the U.S. Constitu-

tion, Ninth Amendment. When our founding fathers drafted the Constitution, it is highly unlikely that they conceived of a government which would try to regulate the place of food consumption and the meals consumed by individuals.

16. That requiring students to purchase a meal plan is illegal because it coerces students to assemble in specific areas. This violates the freedom of assembly, because only certain persons may assemble at the eateries. Meals are a traditional time in which persons assemble. (GA Constitution ARTICLE I. SECTION I. Paragraph IX.)

17. The Mandatory Meal Plans are illegal because eating is a social activity that affects an individual's social status and the State may not regulate social status. More generally, that the Georgia Constitution should be interpreted to preclude the regulation of social activity in general. (GA Constitution ARTICLE I. SECTION I. Paragraph XXV.)

18. The Mandatory Meal Plans are illegal because students are illegally searched upon entry to the eateries without reasonable suspicion or probable cause. This search is done by either the Defendant or the Defendant's contractor(s). When students attempt to enter such eateries, the Defendant or Defendant's contractors, the conduct of which the Defendant is liable for, such students must scan a meal plan card to an automated system. This system is believed to track the activities of students. This is a form of mass surveillance in

9

violation of the Fourth Amendment and the Fifth Amendment. The Equal Protection Clause is also implicated.

## JURY TRIAL

The Plaintiff hereby demands a jury trial.

## PRAYER

The Plaintiff hereby requests the following relief:

1. That this Court enjoin the Board of Regents from enforcing any Mandatory Meal Plan against the Plaintiff in the future.

2. That this Court award the Plaintiff court costs associated with this action.

3. That this Court award the Plaintiff treble damages of $1905 pursuant to Federal Antitrust Law, or any other amount this Court deems just and proper.


Respectfully submitted,

*Ryan P. Nicholl*                    2016-6-9

RYAN PATRICK NICHOLL        Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University

System of Georgia

*Defendant*

Civil Action No.  1:16-CV-1350-AT

## CERTIFICATION OF SERVICE

I certify that on 2016-6-9 I have served the Board of Regents of the University System of Georgia with AMENDED COMPLAINT and this document, by mailing copies of each aforementioned document with the United States Postal Service to Defendant's registered counsel, addressed as:

    Brooke E. Heinz
    40 Capitol Square
    S.W. Atlanta, Georgia 30334-1300

with proper postage attached.

11

Respectfully submitted,

2016-6-9
2016-6-9 RN

RYAN PATRICK NICHOLL          Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and
Phone*

12

Ryan Patrick Nicholl
950 Hudson RD SE
APT 202
Marietta GA 30060






Office of the Clerk
Richard B. Russell Federal Building
Room 2211, United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309



