IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN P. NICHOLL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF REGENTS OF THE | : | CIVIL ACTION NO. |
| UNIVERSITY SYSTEM OF | : | 1:16-CV-1350-AT |
| GEORGIA, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS AMENDED
MOTION TO DISMISS**

### I.  FACTS

Plaintiff filed his initial Complaint on April 26, 2016 naming the Board of Regents of the University System of Georgia as the defendant. (Doc. 1). The Board of Regents of the University System of Georgia ("Defendant") filed a motion to dismiss the Complaint on June 7, 2016. (Doc. 6). Plaintiff then filed an Amended Complaint on June 13, 2016. (Doc. 8). Defendant withdrew its initial motion to dismiss (Doc. 10) and now files a Motion to Dismiss the Amended Complaint.

## II. ARGUMENT

**A.     This Action is Barred In Whole or In Part By the Eleventh Amendment to the United States Constitution**

The instant suit is barred in whole or in part by the Eleventh Amendment to the United States Constitution which provides:

> The Judicial power to the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign state.

The Eleventh Amendment bars suits against states by citizens of other states as well as citizens of the state involved. Hans v. Louisiana, 134 U.S. 1, 10 (1890). The Supreme Court has held that" [t]he ultimate guarantee of the Eleventh Amendment is that non consenting States may not be sued by private individuals in federal court." Ed. of Trs. of Uni v. of Ala. v. Garrett, 531 U. S. 356, 363 (2001); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) ("It is clear… that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment…(T) his jurisdictional bar applies regardless of the nature of the relief sought.").

Waivers of immunity are strictly construed in favor of the sovereign. Sossamon v. Texas, 131 S. Ct. 1651, 1658 (2011). "A State's consent to suit must be unequivocally expressed in the text of the relevant statute." Id. (internal

quotation omitted).  The State of Georgia specifically preserved its immunity in the Georgia Constitution, which provides that sovereign immunity can only be waived by an act of the General Assembly and only on the specific terms and conditions of the waiver, and further provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its . . . officers, or employees by the United States Constitution."  Ga. Const. Art. I, sec. II, para. IX (e) and (f).

Federal courts have consistently held that a state's sovereign immunity has been preserved when a state entity is sued in federal court and the state has not consented to be sued in federal court on those claims.  See Smith v. Reeves, 178 U.S. 436, 445 (1900); Great N. Life Ins. Co. v. Read, 322 U.S. 47 (1944).

There is an exception to the bar of the Eleventh Amendment in cases where a prospective injunction is sought challenging the constitutionality of the acts of a state official.  Ex parte Young, 209 U.S. 123 (1908).  In a 1997 decision, the Supreme Court indicated that Ex Parte Young generally applies in two instances.  Idaho v. Coeur d'Alene Tribe of Idaho, 117 S.Ct. 2028, 2035 (1997).  "The first is where there is no state forum available to vindicate federal interests, thereby placing upon Article III courts the special obligation to ensure the supremacy of federal statutory and constitutional law."  Coeur d'Alene , 117 S. Ct. at 2035.  In Coeur

d'Alene, as in the instant case, the state courts were open to hear the claims against the State.  Id. at 2036.

The "second instance in which Young may serve an important interest is when the case calls for the interpretation of federal law."  Id.  In emphasizing that there is no assumption of inherent inadequacy on the part of state courts, the Supreme Court stated:

> It would be error coupled with irony were we to bypass the Eleventh Amendment, which enacts a scheme solicitous of the States on the sole rationale that state courts are inadequate to enforce or interpret federal rights in every case.

Id. at 2037.  The Supreme Court went on to recognize that:

> Our precedents do teach us, nevertheless, that where prospective relief is sought against individual state officers in a federal forum based on a federal right, the Eleventh Amendment, in most cases, is not a bar.

Id. at 2038.   In the instant case, the Plaintiff only named the Board of Regents; he is not asking for prospective injunctive relief against an official in his individual capacity. As such, the state's Eleventh Amendment sovereign immunity bars Plaintiff's Complaint. Based on the Supreme Court's decision in Coeur d'Alene, it is clear that this action should be brought in the Georgia courts.  Plaintiff really seeks nothing more than a determination of the constitutionality of an alleged Georgia contract with the Board and an interpretation of Georgia's constitution and regulations.  The Georgia courts are open to hear such claims.

All of Plaintiff's contract arguments are clearly barred by Eleventh Amendment sovereign immunity. In his initial Complaint, Plaintiff claimed that the State's sovereign immunity was waived for breach of contract cases. (Doc. 1 ¶ 11). In his amended Complaint, Plaintiff fails to assert any waiver of sovereign immunity, but Defendant still asserts that Sovereign immunity bars the Amended Complaint.

The Georgia Constitution does waive the state's sovereign immunity for actions *ex contractu*. Ga. Const. art. 1, § 2, para. IX(c).  Similarly, sovereign immunity for breach of contract claims is also waived by the Georgia Code. Ga. Code Ann. § 50-21-1(a).  Neither provision, however, expressly consents to suits in federal court and, without express consent, Georgia has not waived its Eleventh amendment sovereign immunity.  Additionally, "[i]t is settled that the Board is an agency of the State to which sovereign immunity applies." Olvera v. Univ. Sys. of Georgia's Bd. of Regents, 298 Ga. 425, 426 (2016).  In fact, the Eleventh Circuit Court of Appeals has held that Georgia, specifically the Board of Regents, has expressly retained its Eleventh Amendment immunity from breach of contract claims. Barnes v. Zaccari, 669 F.3d 1295 (2012).  Therefore, any *ex contractu* claims made by the Plaintiff are barred by sovereign immunity and should be dismissed.

Several of Plaintiff's arguments do not name a specific cause of action. For example, in Paragraph 8 of the Amended Complaint, Plaintiff alleges that his right to due process has been violated. (Doc. 8, ¶8). Likewise, in Paragraph 9 of his Amended Complaint, Plaintiff states that the administrative remedies are not adequate. (Doc. 8, ¶ 9). Plaintiff only cites to the Georgia Constitution and U.S. Constitution; he cites to no authority granting him a private right of action. To the extent this Court may construe Plaintiff's claim as one under 42 U.S.C. § 1983, Plaintiffs Amended Complaint is barred by Eleventh Amendment immunity. It is abundantly clear that only individuals in their official capacity can be sued for prospective injunctive relief under § 1983 and that damages cannot be awarded against an individual in his or her official capacity or against the state. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

Plaintiff makes two other arguments that are normally brought as § 1983 claims: that the mandatory meal plan constitutes an illegal search and seizure (Doc. 8, ¶ 18) and that it violates his fundamental right of choice of culinary provider. (Doc. 8, ¶ 15). Assuming again in *arguendo* that Plaintiff meant to assert these claims under § 1983, they are also barred by Eleventh Amendment Immunity. See Hutto v. Finney, 437 U.S. 678 (1978).

In Paragraph 12, Plaintiff alleges that the mandatory meal plan burdens interstate commerce, which can also be asserted under § 1983. (Doc. 8, ¶12).

Dennis v. Higgins, 498 U.S. 439 (1991).  If construed as a § 1983 action, this claim would also be barred by the Eleventh Amendment as this action is brought against the state and not an officer in his official capacity.  While an individual officer can be sued in his official capacity for prospective injunctive relief under 42 U.S.C. § 1983, the Plaintiff has not done so in this case. Edelman v. Jordan, 415 U.S. 651.  Additionally, Plaintiff has not shown he had standing to bring a case under the dormant commerce clause.

In Paragraph 11 of the Complaint, Plaintiff alleges that the mandatory meal plan violates 15 U.S.C. §§ 1-7, *et seq*. and 15 U.S.C. §§ 12-27, *et seq*. (Doc. 8, ¶ 11). Plaintiff also alleges the agreement is a "tying agreement." (Doc. 8, ¶ 11). The state's immunity against Sherman Act violations is well established.  Parker v. Brown, 317 U.S. 341 (1943).  Here, the mandatory meal plan obviously constitutes a state action as the state is mandating that students at Kennesaw State University must purchase the meal plan absent a health or financial excuse. In general, antitrust actions are barred by the state's Eleventh Amendment sovereign immunity. Walker v. Mich. PSC, 1999 U.S. App. LEXIS 34020 (6th Cir. 1999). As such, all allegations regarding 15 U.S.C. §§ 1-7, *et seq*., 15 U.S.C. §§ 12-27, *et seq*. and tying agreements should be dismissed. The Georgia Statute cited by Plaintiff in Paragraph 11, O.C.G.A. § 13-8-2 pertains to contracts contravening public policy and would also be barred by sovereign immunity (see *infra*).

Lastly, Plaintiff's claim for monetary relief is barred by the state's Eleventh Amendment sovereign immunity. A federal court cannot award retrospective relief, designed to remedy past violations of federal law. Edelman v. Jordan, 415 U.S. 651, 668.

Plaintiff's claims *ex contractu*, due process claims, antitrust claims, Fourth Amendment and Ninth Amendment claims are all barred by sovereign immunity. Therefore, this case should be dismissed in its entirety.

**B.     The Complaint Fails to State A Claim Upon Which Relief Can Be Granted.**

Even if this Court were to find an applicable waiver of sovereign immunity, the Amended Complaint failed to state a claim for relief. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if a complaint does not allege sufficient facts to give rise to a "plausible" suggestion of unlawful conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Well-pleaded facts showing only the inference of a possibility of misconduct are insufficient. ADA v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(quoting Iqbal, 556 U.S. at 678-79).

The plausibility standard requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal Isidro Segundo Gil v. Coca-Cola, Co., 578 F.3d 1252, 1268

8

(11th Cir. 2009)(quoting Iqbal, 556 U.S. at 678).  If the well-pleaded allegations are consistent with lawful behavior, the complaint must be dismissed.  Twombly, 550 U.S. at 571.  In this respect, courts may infer "obvious alternative explanations" which suggest lawful conduct.  ADA, 605 F.3d at 1290 (citing Iqbal, 556 U.S. at 681-82).

Due to the nature of Plaintiff's Amended Complaint, Defendant will discuss the alleged claims paragraph by paragraph, starting with Paragraph 8 of the Amended Complaint. Paragraph 1 discusses jurisdiction, Paragraphs 2-4 allege general facts that are incorporated into the claims alleged in the remaining paragraphs. Paragraphs 5-7 and 14 are *ex contractu* and, as discussed, are clearly barred by the Eleventh Amendment.

In Paragraphs 8 and 9 of the Amended Complaint, Plaintiff argues that his due process rights have been violated and that administrative remedies are inadequate.  Specifically, it deprives Plaintiff of his right to a jury trial. The only factual support provided is that the "opt-out deadline ends before eligibility for the mandatory meal plan is determined" (Doc. 8, ¶ 8) and that "the opt out procedures are inadequate as it does not provide an option to opt out for legal reasons." (Doc. 8,

9

¶ 9). As the facts are to be taken in a light most favorable to Plaintiff, they are assumed to be true for this motion.[1]

Whether there was a denial of due process is a two part analysis: first, whether the plaintiff was denied a protected property interest and, second, what process was due. Woodruff v. U.S. Dep't of Labor, 954 F.2d 634, 641 (11th Cir. 1992). Plaintiff does not allege what process he was due or even what property interest has been violated. Assuming, in *arguendo*, that Plaintiff is referring to the monetary cost associated with the mandatory fee, he pleads no facts or cites to any legal authority to show he is entitled to a hearing on that issue.

In Paragraph 11 of his Amended Complaint, Plaintiff alleges that the mandatory meal plan is a tying agreement and is a violation the Sherman Act and the Clayton Act as well as a contract that contravenes public policy under O.C.G.A. § 13-8-2. In regards to his allegations that the mandatory meal plan violations the Sherman Act and Clayton Act, plaintiff only pleads that the meal plans ties the "unrelated services of food and education together," that is "promotes the interest of

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations are viewed in the light most favorable to Plaintiff, the nonmoving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("When assessing whether the complaint satisfies [the 12(b)(6)] standard, courts must treat a complaint's allegations as true.").

specific business," and that it "affects a substantial amount of commerce." Plaintiff fails to support his baseless allegation with any supporting legal authority.

While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court in <u>Twombly</u>, an antitrust case, held that there must be a plausible suggestion of unlawful conduct. <u>Twombly</u>, 550 U.S. at 555-56 (2007). Just like in <u>Twombly</u>, nothing contained in the Amended Complaint invests either the action or inaction alleged with a plausible suggestion of conspiracy. In fact, the plaintiffs in <u>Twombly</u> were also alleging that the defendants had violated antitrust statutes by engaging in parallel conduct and the existence of an agreement not to compete between the companies. To support their allegations, the plaintiffs in <u>Twombly</u> showed the absence of any meaningful competition between the companies, as well as allegedly making unfair agreements with the CLECs for access to ILEC networks, providing inferior connections to the networks, overcharging, and billing in ways designed to sabotage the CLECs' relations with their own customers. Just as the plaintiffs in <u>Twombly</u> failed to state a claim, the Plaintiff here, who alleges fewer factual support fails to state a claim.

Paragraph 12 of Plaintiff's Amended Complaint alleges that the mandatory meal plan burdens interstate commerce. In support of this allegation, Plaintiff states that he wishes to purchase his meals out of state. (Doc. 8, ¶ 12). Plaintiff pleads no

facts showing he has standing to bring this suit, nor does he show any discrimination to out of state corporations, which is a threshold showing to maintain an action alleging a violation of interstate commerce. See Maine v. Taylor, 477 U.S. 131(1986). He again fails to plead any facts that this Court could use to draw the reasonable inference that the defendant is liable for the misconduct alleged." Sinaltrainal Isidro Segundo Gil, 578 F.3d at 1268 (11th Cir. 2009).

The analysis of an alleged burden on interstate commerce is a balancing test; A regulation that advances a legitimate public interest and has only incidental effects on interstate commerce will be upheld. Pike v. Bruce Church, 397 U.S. 137, 142 (1970). In fact, unless the burden on interstate commerce is "clearly excessive in relation to the putative local benefits", the regulation is valid. Id. None of the effects alleged by the Plaintiff show a "clearly excessive" burden on interstate commerce.

In Paragraph 13 of the Amended Complaint, Plaintiff states that if the mandatory meal plan were a tax, it would be unconstitutional. He alleges no facts in support of his contention that the mandatory meal plans could be considered a tax or, even if it was a tax, why such a tax would be unconstitutional.

In regards to Paragraph 15 of the Amended Complaint, Plaintiff alleges that his choice of a culinary provider is an "unenumerated right" under Art. 1, § 1, Para. XXVIII of the Georgia Constitution and the Ninth Amendment. (Doc. 8, ¶ 15).

Plaintiff cannot cite to any authority that choice of culinary provider is a fundamental right. Plaintiff cannot cite to any such authority because it does not exist.

In Paragraph 16, Plaintiff alleges that the meal plan violates his freedom of assembly. (Doc. 8, ¶ 16). Again, Plaintiff pleads no facts in support of his contention. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if a Amended Complaint does not allege sufficient facts to give rise to a "plausible" suggestion of unlawful conduct. Twombly, 550 U.S. at 555-56 (2007).

Likewise, in Paragraph 17 of the Amended Complaint, Plaintiff alleges that the mandatory meal plan is "illegal" because it is a violation of the Georgia Constitution's "prohibition on regulating social statuses." (Doc. 8, ¶ 17). He does not plead any facts or cite any legal authority to support his contention. As this is a state law question, it should be heard by the state judiciary. It should as be dismissed for failure to state a claim as there are no facts to support Plaintiff's assertion. Plaintiff alleges no facts in support of his allegations in paragraphs 16 and 17 of his Amended Complaint.

In Paragraph 18 of the Amended Complaint, Plaintiff alleges that the requirement of swiping a student identification card constitutes an illegal search and seizure and a form of "mass surveillance". (Doc. 8, ¶ 18). Plaintiff alleges that this

is in violation of the Fourth and Fifth Amendments, but does not allege any other facts. There is no "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Sinaltrainal Isidro Segundo Gil</u>, 578 F.3d at 1268. As there are no facts alleged to show that the Defendant is liable for the alleged misconduct, the claim in Paragraph 18 of the Amended Complaint should be dismissed.

In Paragraph 10 of the Complaint, Plaintiff claims that the mandatory meal plans are not authorized under the Board of Regents' policy manual. § 7.3.2.2 cited by Plaintiff states:

> Food service fees are defined as fees paid by students who elect to choose an institutional food service plan. **Food service fees assessed to all undergraduate students, all full-time undergraduate students, or any standard subgroup of students based on grade level or previous credit hours earned are not considered an elective fee and must be approved by the Board as a mandatory fee**. This includes food service fees due prior to registration that may be refunded later in the semester and food service fees for which the student receives a cash equivalent in the amount of the fee. All food service fees that support debt service shall be approved by the Board. Each institution shall notify the Chancellor annually of all institutionally-approved food service fees. (BoR Minutes, January 2010; February 2015).

(emphasis added). The Policy Manual clearly states that food service fees can be mandatory so long as approved by the board. <u>Id.</u> Plaintiff alleges that Kennesaw

State's mandatory meal plan was not approved by the Board. There is nothing in the Board's policy manual which provides Plaintiff with a cause of action.[2]

All of the claims in the Amended Complaint are either barred by sovereign immunity and/or should be dismissed for failure to state a claim.

## CONCLUSION

For the above and foregoing reasons, Defendants respectfully request that this action be dismissed and that they be granted such other and further relief as the Court deems just and proper.

This 27th day of June, 2016

Respectfully submitted,

SAMUEL S. OLENS	551540
Attorney General

W. WRIGHT BANKS, JR.	036156
Deputy Attorney General

 /s/Julie Adams Jacobs
JULIE ADAMS JACOBS	003595
Senior Assistant Attorney General

 /s/ Brooke E. Heinz
BROOKE E. HEINZ	927752
Assistant Attorney General

---

[2] An agency policy manual cannot waive the State's sovereign immunity. See Bd. of Regents of the Univ. Sys. of Ga. v. Barnes, 322 Ga. App. 47 (2013).

15

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

BROOKE E. HEINZ
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 651-9457
Fax:  (404) 657-3239
E-mail:  bheinz@law.ga.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This 27th day of June, 2016.

                */s/ Brooke E. Heinz*
                BROOKE E. HEINZ  927752
                Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

BROOKE E. HEINZ
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 651-9457
Fax:  (404) 657-3239
E-mail:  bheinz@law.ga.gov

# CERTIFICATE OF SERVICE

I do hereby certify that I have this date served a copy of the foregoing MOTION TO DISMISS AND BRIEF IN SUPPORT OF upon:

>Ryan Patrick Nicholl
>950 Hudson Rd. SE
>Apt 202
>Marietta, GA 30060

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This 27th day of June, 2016.

>*/s/ Brooke E. Heinz*  _
>BROOKE E. HEINZ            927752
>Assistant Attorney General