IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN P. NICHOLL, | : | |
| Plaintiff, | : | |
| v. | : | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | : | CIVIL ACTION NO. 1:16-CV-1350-AT |
| Defendant. | : | |

**BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA'S MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES AND BRIEF IN SUPPORT**

COMES NOW the Defendant, The Board of Regents of the University System of Georgia (the "Board"), by and through counsel, Samuel S. Olens, the Attorney General of the State of Georgia, and pursuant to FED. R. CIV. P. 26, move to stay all discovery related activities pending the Court's resolution of Defendant's motion to dismiss. In the event that any claims remain after resolution of the motions to dismiss, it is requested that a scheduling/discovery order be entered at that time. In support of this motion, the Board shows the following:

## I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff is a current student of the Kennesaw State University, an institution of the University System of Georgia. Plaintiff has filed this multi-count Complaint alleging that the mandatory meal plan of Kennesaw State University violates a variety of federal and state laws and constitutional provisions.

The Board filed a motion to dismiss asserting Eleventh Amendment immunity and failure to state a claim. [Doc. No. 6]. Plaintiff subsequently amended his Complaint and the Board filed an amended motion to dismiss. [Doc. No. 8 and 11]. The Board now moves to stay all discovery and discovery related activities imposed by FED. R. CIV. P. 16 and 26 and the Local Rules of this District. The assertion of these defenses requires a stay of discovery while the Court decides the issues.

## II.   ARGUMENT AND CITATION TO AUTHORITIES

While the Local Rules provide that the discovery period does not begin until after an answer has been filed, the Rules do require that the parties participate in an early planning conference, prepare the Joint Preliminary Report Discovery Plan, and serve Initial Disclosures, even when a motion is filed in lieu of an answer. See LR, NDGa 16.1, 16.2, and 26. For the following reasons, the Board requests that

the Parties be relieved from participating in these limited discovery-related activities.

A.  **Discovery Should be Stayed Because Eleventh Amendment Immunity has been Raised as a Defense**

The defense of Eleventh Amendment immunity is concerned "not only with the States' ability to withstand suit, but [] their privilege not to be sued." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 n.5 (1993). Eleventh Amendment immunity goes to the Court's subject matter jurisdiction. Seminole Tribe v. Fla., 517 U.S. 44, 72-73 (1996). Whether the immunity applies must be resolved before the Court may address the underlying claims. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998).

The Board has asserted Eleventh Amendment immunity. This immunity, which goes to subject matter jurisdiction, is immunity both from damages and from suit, and would be effectively lost if the Board was required to engage in any discovery related activities before its entitlement to immunity is resolved. Discovery should be stayed until the immunity issue has been resolved.

B.  **Discovery Should Be Stayed for the Convenience of the Parties and in the Interest of Justice**

The Board has also moved for dismissal based upon the failure to state a claim. Rule 26(d) of the Federal Rules of Civil Procedure provides the Court

broad discretion to alter the sequent of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"); Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2nd Cir. 1987) (staying discovery pending determination of motion to dismiss); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2008 (2d ed. 1994) ("The court may wish to issue a protective order postponing discovery on a particular subject until legal attacks on the sufficiency of the matter have been determined.") (citing In re First Constitution Shareholders Litigation, 145 F.R.D. 291 (D. Conn. 1991)).

The Board has challenged the sufficiency of the Amended Complaint, arguing that it fails to state a claim. The Board requests that the parties be relieved from having to exert time, effort, and resources on discovery until their motion to dismiss is ruled upon. See Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (trial court properly stayed discovery pending resolution of motion to dismiss); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that "facial challenges to the legal sufficiency of the claim or

defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins").

An order staying discovery will protect the parties from the burden of unnecessary and expensive discovery and further the interests of efficiency and justice should the Court grant the Board's amended motion to dismiss. In the alternative, the motion to dismiss, even if partially granted, would narrow the claims that survive and establish the proper scope of discovery for what remains, if anything, of Plaintiffs' claims. Either way, the parties will have been relieved of expending additional time, effort, and resources on any and all claims that the Court may dismiss.

### III. CONCLUSION

For the foregoing reasons, the Board of Regents of the University System of Georgia hereby requests that all discovery related activities be stayed in this matter pending a resolution of the motions to dismiss. A proposed order is attached for the Court's convenience.

Respectfully submitted,

SAMUEL S. OLENS          551540
Attorney General

W. WRIGHT BANKS, JR.     036156
Deputy Attorney General

/s/ Julie Adams Jacobs
JULIE ADAMS JACOBS          003595
Assistant Attorney General

/s/ Brooke E. Heinz
BROOKE E. HEINZ              927752
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

BROOKE E. HEINZ
Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 495-9457
FAX (404) 657-3239
Email: bheinz@law.ga.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

This the _2nd_ day of August, 2016.

                             /s/ Brooke E. Heinz
                             BROOKE E. HEINZ     927752
                             Assistant Attorney General

40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 495-9457
FAX (404) 657-3239
E-mail: bheinz@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August  2nd , 2016, I electronically filed the foregoing **BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA'S MOTION TO STAY ALL DISCOVERY RELATED ACTIVITIES AND BRIEF IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ryan Patrick Nicholl
950 Hudson Rd. SE
Apt 202
Marietta, GA 30060

/s/ Brooke E. Heinz
BROOKE E. HEINZ          927752
Assistant Attorney General
Attorney for Board of Regents of the University System of Georgia

Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 4959457
FAX (404) 657-3239
E-mail: bheinz@law.ga.gov

8