

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION



Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University System of Georgia

*Defendant*

Civil Action No. 1:16-CV-1350

### PLAINTIFF'S INITIAL DISCLOSURE STATEMENT

The following is a disclosure statement pursuant to NDGA LR Ap. B.

1. State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

   The Plaintiff was charged for multiple mandatory meal plans within Cobb County, Georgia by Kennesaw State University. The Plaintiff was not given a hearing to contest the charges and the deadline to dispute the charges according to Kennesaw State University had passed despite that the Plaintiff was not given adequate notice of the charges beforehand. The Plaintiff attempted to receive a hearing from the Defendant but was denied the op-

1

portunity. Kennesaw State University is unique in that it is the only public university in the state of Georgia the Plaintiff is aware of that attaches a mandatory meal plan to tuition. The arrangement requires most students who purchase tuition to purchase a mandatory meal plan, even if they are an off-campus student. The mandatory meal plans provide meals that can only be redeemed at certain on-campus locations. These locations are not believed to be open to outsiders. In order to enter such locations, a student ID card must be scanned by a machine which is believed to track the activities of the students. The Plaintiff believes that such mandatory meal plan was not authorized by the Board of Regents, and that even if it were, that the Board of Regents had no authority to authorize it because it was not "clearly and affirmatively expressed as state policy". The Plaintiff believes that the Board of Regents consists of active market participants in the markets that the Board of Regents regulates, or otherwise that it had no authority to impose regulations outside of the education market.

2. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

   (a) Due Process violation, lack of notice and opportunity to respond before an impartial fact-finder.

   (b) Kennesaw State University had no authority to impose the charges.

2

(c) Registration agreement terms related to meal plans were either unilateral or illusory.

(d) Registration agreement terms related to meal plans were unconscionable.

(e) Registration agreement lacks enforceable consideration.

(f) Mandatory meal plans are a form of discrimination based on age that does not withstand rational scrutiny.

(g) Mandatory meal plans as implemented by Kennesaw State University are an illegal tying arrangement in violation of the Clayton Act, which prohibits certain kinds of tying arrangements.

(h) Violation of the Freedom of Speech by mandatory meal plans due to time, place and manner restrictions imposed that do not withstand intermediate scrutiny.

(i) Violation of the Freedom of Assembly by mandatory meal plans via involuntary institutionalization of off-campus students.

(j) Violation of the Fourth Amendment to the US constitution by mandatory meal plans via unreasonable searches conducted without reasonable suspicion.

(k) Violation of the Fifth Amendment to the US constitution by mandatory meal plans via requiring students to submit information to Kennesaw State University that could potentially incriminate the students.

(l) Violation of the Fifth Amendment to the US constitution by mandatory meal plans via taking student's private property without due process of law.

(m) Violation of the Fifth Amendment to the US constitution by mandatory meal plans via taking student's private property without just compensation.

(n) Violation of the Ninth Amendment to the US constitution by mandatory meal plans via infringing upon the right of choice of culinary provider.

(o) Violation of the Ninth Amendment to the US constitution by mandatory meal plans via infringing upon the privacy of choice of food and medical information.

(p) Violation of the Negative Commerce clause due to discrimination in favor of in-state culinary providers.

(q) Violation of the Georgia constitution's prohibitions on regulation of social statuses.

(r) Violation of the Georgia Constitution's provisions similar to the Federal Constitution's provisions.

(s) Illegal agreement in restraint of trade as provided by Georgia Law.

(t) Case Law

      i. North Carolina State Bd. of Dental Examiners v. FTC, 574 U.S. ___ (2015)
     ii. City of Columbia v. Omni Outdoor Advertising, 499 U.S. 365 (1991)
    iii. Fed. Trade Comm'n v. Phoebe Putney Health Sys., Inc., 568 U.S. ___ (2013)
    iv. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261 (1997)
     v. Ex Parte Young, 209 U.S. 123 (1908)
    vi. Parker v. Brown, 317 U.S. 341 (1943)
   vii. Northern Pacific Railway Company and Northwestern Improvement Company, v. United States Of America., 356 U.S. 1 (1958)
  viii. Eastman Kodak v. Image Technical Servs., 504 U.S. 451 (1992)
    ix. Jefferson Parish Hosp. Dist. v. Hyde 466 U.S. 2 (1984)
     x. International Salt Co., Inc. v. United States, 332 U.S. 392 (1947)
    xi. Times-Picayune Pub. Co. v. United States, 345 U.S. 594 (1953)
   xii. England v. Medical Examiners, 375 U.S. 411 (1964)
  xiii. Zwickler v. Koota, 389 U.S. 241 (1967)
  xiv. Bivens, v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1999)
   xv. Pike v. Bruce Church, Inc. 397 U.S. 137 (1970)
  xvi. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)
  xvii. Goss v. Lopez, 419 U.S. 565 (1975)
 xviii. Board of Regents of the University System of Georgia v. Barnes
  xix. Olvera v. Univ. Sys. of Georgia's Bd. of Regents
   xx. GA. Power Co. v. GA. Public Service Comm, 211 GA. 223, 228 (Ga. 1954)

3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the

5

subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

4. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Plaintiff **OBJECTS** to this requirement on the grounds that the Court should first determine the burden of proof (per se, quick look, or rule of reason) before the Plaintiff obtains expert witnesses given that such witnesses may be completely unnecessary under the first two standards.

5. Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

6. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged

or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

- $475, damages in the amount of the first meal plan. Tripled to $1425 for antitrust.
- $160, damages in the amount of the second meal plan. Tripled to $480 for antitrust.

Total: $1905 plus court costs

7. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**N/A**

8. Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**N/A**

Respectfully submitted,

_____  2016-8-10

RYAN PATRICK NICHOLL       Date

950 HUDSON RD SE

APT 202

MARIETTA GA, 30060

(678) 358-7765

r.p.nicholl@gmail.com

*Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl<br><br>*Plaintiff*<br><br>*v.s.*<br><br>Board of Regents of the University System of Georgia<br><br>*Defendant* | Civil Action No. 1:16-CV-1350-AT |

## ATTACHMENT A

- Ryan P Nicholl

  950 Hudson RD SE

  APT 202

  Marietta GA, 30060

  678-358-7765

- Jermaine Johnson

- UNKNOWN: Culinary Department employee(s).

- Daniel S. Papp

- Randall Shelton

- Gary Coltek

- UNKNOWN: "KSU's senior management"

- UNKNOWN: employes of "Ballard Brands"

- Henry M. Huckaby

- Dr. Steve Wrigley

- Dr. Houston Davis

- Marion Fedrick

- Shelley C. Nickel

- Kimberly Ballard-Washington

- Christopher McGraw

- Michael J. Foxman

- C. Dean Alford, P. E.

- W. Paul Bowers

- Larry R. Ellis

- Rutledge A. (Rusty) Griffin Jr.

- C. Thomas Hopkins, Jr., MD

- James M. Hull

- Donald M. Leebern, Jr.

- Laura Marsh

- Doreen Stiles Poitevint

- Neil L. Pruitt, Jr.

- Sachin Shailendra

- E. Scott Smith

- Kessel Stelling, Jr.

- Ben J. Tarbutton III

- Richard L. Tucker

- Thomas Rogers Wade

- Larry Walker

- Don L. Waters

- Philip A. Wilheit, Sr.

Respectfully submitted,

*[signature: Ryan P. Nicholl]*       2016-8-10

RYAN PATRICK NICHOLL       Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl<br><br>*Plaintiff*<br><br>*v.s.*<br><br>Board of Regents of the University System of Georgia<br><br>*Defendant* | Civil Action No. 1:16-CV-1350-AT |

## ATTACHMENT C

1. Audio recording of conversations with KSU culinary department official(s) which show the difficulty the Plaintiff had in attempting to obtain a hearing from the Defendant to dispute the charges. Stored in Waveform Audio File format (WAV) within EXT4 partition with UUID d95d7115-f6c8-4370-af19-801570470ee5, mounted as "/srv", within 3 TB RAID 5 array within computer residing in Plaintiff's domicile.

2. Copy of notice of opt out delivered to KSU's Culinary Department by process server, including signed by such process server, stored in in Portable Document Format (PDF) within the same storage medium as item (a).

3. Emails stored on an unknown server or collection of servers believed to be controlled by Google Inc. as part of aforementioned company's "GMail" service, within account "r.p.nicholl@gmail.com" of such service, of and relating to correspondence between the Plaintiff and officials of the Board of Regents of the Univeristy System of Georgia, including Kennesaw State University and/or Southern Polytechnic University relating to the meal plans and open records act requests.

Respectfully submitted,

_[signature]_  2016-8-10

RYAN PATRICK NICHOLL         Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl<br><br>*Plaintiff*<br><br>*v.s.*<br><br>Board of Regents of the University System of Georgia<br><br>*Defendant* | Civil Action No. 1:16-CV-1350-AT |

## ATTACHMENT D

All documents proving these charges are owned by the defendant.

Respectfully submitted,

*[signature]*  2016-8-10

RYAN PATRICK NICHOLL    Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl <br> *Plaintiff* <br> *v.s.* <br> Board of Regents of the University System of Georgia <br> *Defendant* | Civil Action No. 1:16-CV-1350-AT |

### CERTIFICATION OF SERVICE

I certify that on mailing this document for filing I have served the Board of Regents of the University System of Georgia with **PLAINTIFF'S INITIAL DISCLOSURE STATEMENT**, associated attachments, and this **CERTIFICATION OF SERVICE** upon Defendant's registered counsel pursuant to FRCvP 5(b)(2)(E), addressed as:

> Brooke E. Heinz
> bheinz@law.ga.gov

Furthermore, I certify that these documents have been prepared double spaced except in quotes and signature blocks, in 14pt Times Roman font, with a 1.5 inch top margin, 1 inch bottom margin, and 1 inch side margins.

Respectfully submitted,

*[signature]*  2016-8-10

RYAN PATRICK NICHOLL   Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*