IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 5 2016

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University System of Georgia

*Defendant*

Civil Action No. 1:16-CV-1350-AT

# PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

   (a) Nature of this action:

   Plaintiff contests the meal plan charges on the following grounds:

   i. Due Process violation, lack of notice and opportunity to respond before an impartial fact-finder.

   ii. Kennesaw State University had no authority to impose the charges.

   iii. Registration agreement terms related to meal plans were either unilateral or illusory.

   iv. Registration agreement terms related to meal plans were unconscionable.

1

    v. Registration agreement lacks enforceable consideration.

    vi. Mandatory meal plans are a form of discrimination based on age that does not withstand rational scrutiny.

    vii. Mandatory meal plans as implemented by Kennesaw State University are an illegal tying arrangement in violation of the Clayton Act, which prohibits certain kinds of tying arrangements.

    viii. Violation of the Freedom of Speech by mandatory meal plans due to time, place and manner restrictions imposed that do not withstand intermediate scrutiny.

    ix. Violation of the Freedom of Assembly by mandatory meal plans via involuntary institutionalization of off-campus students.

    x. Violation of the Fourth Amendment to the US constitution by mandatory meal plans via unreasonable searches conducted without reasonable suspicion.

    xi. Violation of the Fifth Amendment to the US constitution by mandatory meal plans via requiring students to submit information to Kennesaw State University that could potentially incriminate the students.

    xii. Violation of the Fifth Amendment to the US constitution by mandatory meal plans via taking student's private property without due process of law.

    xiii. Violation of the Fifth Amendment to the US constitution by mandatory meal plans via taking student's private property without just compensation.

    xiv. Violation of the Ninth Amendment to the US constitution by mandatory meal plans via infringing upon the right of choice of culinary provider.

    xv. Violation of the Ninth Amendment to the US constitution by mandatory meal plans via infringing upon the privacy of choice of food and medical information.

    xvi. Violation of the Negative Commerce clause due to discrimination in favor of in-state culinary providers.

    xvii. Violation of the Georgia constitution's prohibitions on regulation of social statuses.

    xviii. Violation of the Georgia Constitution's provisions similar to the Federal Constitution's provisions.

    xix. Illegal agreement in restraint of trade as provided by Georgia Law.

(b) Facts of this case as viewed by the Plaintiff

The Plaintiff was charged for multiple mandatory meal plans within Cobb County, Georgia by Kennesaw State University. The Plaintiff was not given a hearing to contest the charges and the deadline to dispute the charges according to Kennesaw State University had passed

3

despite that the Plaintiff was not given adequate notice of the charges beforehand. The Plaintiff attempted to receive a hearing from the Defendant but was denied the opportunity. Kennesaw State University is unique in that it is the only public university in the state of Georgia the Plaintiff is aware of that attaches a mandatory meal plan to tuition. The arrangement requires most students who purchase tuition to purchase a mandatory meal plan, even if they are an off-campus student. The mandatory meal plans provide meals that can only be redeemed at certain on-campus locations. These locations are not believed to be open to outsiders. In order to enter such locations, a student ID card must be scanned by a machine which is believed to track the activities of the students. The Plaintiff believes that such mandatory meal plan was not authorized by the Board of Regents, and that even if it were, that the Board of Regents had no authority to authorize it because it was not "clearly and affirmatively expressed as state policy". The Plaintiff believes that the Board of Regents consists of active market participants in the markets that the Board of Regents regulates, or otherwise that it had no authority to impose regulations outside of the education market.

(c) The legal issues to be tried are as follows:

   i. Whether the Board of Regents has 11th Amendment immunity in

      regard to this dispute.

  ii. Whether the process by which Kennesaw State University applied the meal plan charges to the Plaintiff violated Due Process requirements.

 iii. Whether the aforementioned process constituted an illegal taking without just compensation.

 iv. Whether the mandatory meal plans were offered and accepted.

  v. Whether any reference to the mandatory meal plans included in the registration agreement was an illusory promise.

 vi. Whether consideration occurred in regard to the mandatory meal plans.

 vii. Whether the mandatory meal plans were unconscionable.

viii. Whether requiring students to scan a meal plan card constitutes an unreasonable search.

 ix. Whether the Plaintiff's freedom of assembly is violated by requiring the Plaintiff to purchase meal plans for eateries only accessible by certain individuals.

  x. Whether the Plaintiff's freedom of speech is violated by requiring the Plaintiff to purchase meal plans for eateries only accessible by certain individuals.

 xi. Whether the Plaintiff has an unenumerated right under the Ninth

    Amendment to choice of culinary provider.

 xii. Whether the Plaintiff has an unenumerated right under the Ninth Amendment to privacy in communications.

 xiii. Whether the culinary services market and education market are distinct markets in regard to off-campus students.

 xiv. Whether the mandatory meal plans constituted an illegal tying arrangement pursuant to the Clayton Act.

 xv. What an "active market participant" requires in terms of market participation in regard to this dispute.

 xvi. Whether or not the Board of Regents consists of active market participants in regard to the relevant market(s).

 xvii. Whether or not the mandatory meal plans are illegal restraints of interstate commerce.

(d) The cases listed below (include both style and action number) are:

 i. Pending Related Cases: None

 ii. Previously Adjudicated Related Cases:

  - Cobb County Superior Court #16102862 (Voluntary dismissal without prejudice)

2. This case is complex because:

 - (2) Unusually large number of claims or defenses

3. The following individually-named attorneys or *pro se* parties are hereby designated as lead counsel for the parties:

   **Plaintiff** Pro se

   Ryan Patrick Nicholl

   950 Hudson RD SE

   APT 202

   Marietta GA, 30060

4. Jurisdiction: There is a question regarding this Court's jurisdiction by the other party. It is not included here.

5. Parties to This Action:

   (a) The following persons are necessary parties who have not been joined:

   (b) The following persons are improperly joined as parties:

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. List separately any amendments to the pleadings that the parties anticipate will be necessary:

   (a) None except additional charges as Defendant adds them.

7. Initial Disclosures:

   Initial disclosures are not objected to.

8. Request for Scheduling Conference:

   No conference is requested.

9. Discovery Period:

   (a) Please state below the subjects on which discovery may be needed:

   - Evidence of market participation by Board of Regents members.
   - Malfeasance allegedly committed by the former director of dining services employed through late 2015.
   - Conflict of interest(s) in regard to (former) KSU employee(s) supervising the culinary department, particularly including Randy Shelton, but also including any other (ex-)employee who may have contributed.
   - Dining contract terms.
   - USG procedures.

- Organizational structure of KSU and whether adequate controls existed to supervise anticompetitive conduct.
- BOR policies and authorization of mandatory meal plans or lack thereof.
- On whether there exists policies showing "clearly articulated and affirmatively expressed state policy" condoning anticompetitive conduct.
- On the degree of anticompetitive effects of the mandatory meal plans.

(b) If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Plaintiff believes discovery should be 8 months because the complaint involves antitrust elements.

10. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

- None

9

(b) Is any party seeking discovery of electronically stored information? **YES**

  i. The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: N/A

  ii. The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

  - Documents should be provided in PDF format.

11. Other Orders: What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

    - No requests.

12. Settlement Potential:

    (a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on 2016-08-05, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel [pro se] (signature): *[signed] Ryan P. Nicholl*

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

- A possibility of settlement before discovery.

(c) Counsel do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

- Counsel for Defendant not authorized to settle.

13. Trial by Magistrate Judge:

- The parties do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted,

*[signed] Ryan P. Nicholl*    2016-8-10
RYAN PATRICK NICHOLL    Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl<br><br>*Plaintiff*<br><br>*v.s.*<br><br>Board of Regents of the University System of Georgia<br><br>*Defendant* | Civil Action No. 1:16-CV-1350-AT |

## CERTIFICATION OF SERVICE

I certify that on mailing this document for filing I have served the Board of Regents of the University System of Georgia with **PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN** and this **CERTIFICATION OF SERVICE** upon Defendant's registered counsel pursuant to FRCvP 5(b)(2)(E), addressed as:

    Brooke E. Heinz
    bheinz@law.ga.gov

Respectfully submitted,

_____  _____
RYAN PATRICK NICHOLL         Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*