FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 7 2016

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| Ryan Patrick Nicholl | |
| *Plaintiff* | |
| *v.s.* | Civil Action No. 1:16-CV-1350-AT |
| Board of Regents of the University | |
| System of Georgia | |
| *Defendant* | |

## PLAINTIFF'S MOTION TO VACATE AND FOR LEAVE TO AMEND

Plaintiff moves to vacate the Judgment (Doc 19, Doc 20) pursuant to FR-CvP 60.(b)(1), FRCvP 60.(b)(6), the Due Process clause, and the First Amendment, because the District Court *completely failed* to address the arguments lawfully and timely filed in **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS AMENDED MOTION TO DISMISS**. (Doc 12). The Judgment only addresses the **AMENDED COMPLAINT** and **DEFENDANT'S AMENDED MOTION TO DISMISS**.

The Plaintiff has a Due Process right to be heard, this means the Court should consider the arguments included in the Plaintiff's opposition response, even if it disagrees with them.

The Court did not even mention *North Carolina State Bd. of Dental Examiners v. FTC*, 574 U.S. ___ (2015) in the Judgment, which formed the basis of most of

1

Plaintiff's opposition arguments. Furthermore, the Plaintiff did not even mention 42 USC S 1983 in the Plaintiff's complaint, and the Plaintiff explained why this is unnecessary, although the Plaintiff does not object to the inclusion of the claim. However, it shows this Court went so far as to even allow the Defendant to re-frame the Plaintiff's complaint.

Clearly the Court erred when it failed to consider **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS AMENDED MOTION TO DISMISS** in the Judgment, likely due to a clerical error in failing to submit the opposition to the Judge.

Failing to consider arguments lawfully and timely filed according to the local rules and federal rules is clearly "manifest injustice".

If the Judgment is vacated, whether or not to grant leave to amend is "a matter of the sound discretion of the District Court"; and the Court should do so if it would further "substantial justice". In support of the motion for leave to amend, the Plaintiff does declare under penalty of perjury:

- Plaintiff believed such facts were sufficiently detailed to form a cause of action, although admits that more clarity is possible.

- Based on information and belief, that the Culinary Services program and/or (ex-)employees are currently being investigated by the FBI for various misconduct, including insider trading, and kickbacks, etc.

See:

2

http://www.wsbtv.com/video/local-video/ksu-corruption-investigation-turned-over-to-fbi_20161103221611/463749668

- Based on information and belief, individuals working for Kennesaw State University did violate conflict of interest policies of the Board of Regents.

- Based on information and belief, that Randy Shelton and other KSU culinary department employees were investigated for violations of conflict of interest policies and corruption.

- Based on information and belief, that the meal plans were anticompetitive.

- Based on information and belief, that the meal plans generally would not be purchased by most students at Kennesaw State University, except for them being required.

- Plaintiff is a currently student at Kennesaw State University.

- Mandatory meal plans substantially reduce competition and have negative impacts on consumers of food who are also students at Kennesaw State University, particularly commuters.

Plaintiff recognizes that the Court is probably under no obligation to grant the motion for leave to amend, but requests the Court consider the special circumstances of the Plaintiff as a *pro se* Plaintiff in doing so.

3

Respectfully submitted,

*Ryan P. Nicholl*  2016-12-4

RYAN PATRICK NICHOLL          Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Pro Se Plaintiff Name, Address*
*and Phone*

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Ryan Patrick Nicholl | |
| *Plaintiff* | |
| *v.s.* | Civil Action No. 1:16-CV-1350-AT |
| Board of Regents of the University | |
| System of Georgia | |
| *Defendant* | |

## CERTIFICATION OF SERVICE AND FORMATTING

Upon filing this document I certify that I have served the Board of Regents of the University System of Georgia with "**PLAINTIFF'S MOTION TO VACATE AND FOR LEAVE TO AMEND**" and this "**CERTIFICATION OF SERVICE AND FORMATTING**" by mailing copies of all aforementioned documents with the United States Postal Service to Defendant's registered counsel, addressed as:

> Brooke E. Heinz
> 40 Capitol Square
> S.W. Atlanta, Georgia 30334-1300

with proper postage attached; and that such service was completed on the date of signature.

Furthermore, I certify that I have prepared these documents in Times Roman 14 pt font.

1

Respectfully submitted,

_Ryan L. Nicholl_  2016-12-4

RYAN PATRICK NICHOLL          Date
950 HUDSON RD SE
APT 202
MARIETTA GA, 30060
(678) 358-7765
*Pro Se Plaintiff Name, Address
and Phone*

2