IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RYAN PATRICK NICHOLL, *Pro Se* | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA, | : : : | CIVIL ACTION NO. 1:16-cv-01350-AT |
| | : | |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion to Vacate and for Leave to Amend [Doc. 21]. Plaintiff moves to vacate the judgment entered against him and the Court's dismissal of his Amended Complaint on Eleventh Amendment sovereign immunity grounds. Plaintiff asserts that the Court failed to address the arguments in his Response filed in opposition to Defendant's Motion to Dismiss and believes that the Clerk failed to submit Plaintiff's Response brief to the undersigned for consideration in connection with Defendant's Motion.

As stated on page 12 of the conclusion of the November 30, 2016 Order, the Court acknowledged Plaintiff's Response in opposition to the Motion to Dismiss, stating, "[w]hile Plaintiff provided a host of detailed arguments why he believes the Eleventh Amendment should not bar his claims, governing federal law is well

settled as to the Eleventh Amended defenses presented" by Defendant's Motion to Dismiss. (Doc. 19 at 12.) Accordingly, as the Court carefully considered the arguments raised by both Plaintiff and Defendant, the Court **DENIES** Plaintiff's Motion to Vacate [Doc. 21].

Because "a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction," Plaintiff's request for leave to amend his Complaint [Doc. 21] is **DENIED** as futile. *See Pelham v. Bd. of Regents of Univ. Sys. of Georgia*, 743 S.E.2d 469, 470 n.1 (2013) ("a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction"); *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010) ("a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists") (citing *Bennett v. United States*, 102 F.3d 486, 488 n. 1 (11th Cir. 1996)).

**IT IS SO ORDERED** this 12th day of December, 2016.

_____
**Amy Totenberg**
**United States District Judge**