4months,APPEAL,ATLC1,CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:16−cv−01350−AT

| | |
|---|---|
| Nicholl v. Board of Regents of the University System of Georgia | Date Filed: 04/26/2016 |
| Assigned to: Judge Amy Totenberg | Date Terminated: 11/30/2016 |
| Cause: 28:1331 Fed. Question: Breach of Contract | Jury Demand: Plaintiff |
| | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Ryan Patrick Nicholl**                  represented by  **Ryan Patrick Nicholl**
950 Hudson Rd SE
APT 202
Marietta, GA 30060
678−358−7765
PRO SE

V.

**Defendant**

**Board of Regents of the University**       represented by  **Julie Adams Jacobs**
**System of Georgia**                       State of Georgia Law Department
40 Capitol Square, S.W.
Atlanta, GA 30334−1300
404−463−5989
Email: jjacobs@law.ga.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/26/2016 | 1 | | COMPLAINT with Jury Demand filed by Ryan P. Nicholl. ( Filing fee $ 400 receipt number 100082661.) (Attachments: # 1 Civil Cover Sheet)(rjs) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 04/26/2016) |
| 04/29/2016 | 2 | | Clerk's Office received proposed summons. Plaintiff drafted a summons and did not complete the Court's summons form. Plaintiff did not furnish an address for the defendant. (jtj) (Entered: 05/02/2016) |
| 05/06/2016 | 3 | | Standing Order: Guidelines to Parties and Counsel Proceeding Before the Honorable Amy Totenberg. You are required to sign and file a Certificate of Compliance in a format consistent with the Certificate of Compliance attached hereto. Signed by Judge Amy Totenberg on 5/06/2016. (jtj) (Entered: 05/06/2016) |
| 05/06/2016 | | | Clerk's Certificate of Mailing as to Ryan P. Nicholl re 3 Standing Order. (jtj) (Entered: 05/06/2016) |

| 05/10/2016 | 4 | | Summons Issued as to Board of Regents of the University System of Georgia. (jtj) (Entered: 05/10/2016) |
|---|---|---|---|
| 05/10/2016 | | | Clerk's Certificate of Mailing as to Ryan P. Nicholl re 4 Summons Issued. (jtj) (Entered: 05/10/2016) |
| 05/27/2016 | 5 | | Return of Service Executed by Ryan P. Nicholl. Board of Regents of the University System of Georgia served on 5/18/2016, answer due 6/8/2016. (jtj) (Entered: 05/31/2016) |
| 06/07/2016 | 6 | | MOTION to Dismiss with Brief In Support by Board of Regents of the University System of Georgia. (Attachments: # 1 Brief, # 2 Certificate of Compliance)(Jacobs, Julie) (Entered: 06/07/2016) |
| 06/13/2016 | 7 | | MOTION for Leave to File documents in the "Times Roman" 14 pt. font and for leave to send electronic copies in PDF, TXT, LYX, or HTML format, with Brief In Support by Ryan P. Nicholl. (jtj) (Entered: 06/14/2016) |
| 06/13/2016 | 8 | | AMENDED COMPLAINT against Board of Regents of the University System of Georgia with Jury Demand filed by Ryan Patrick Nicholl.(jkl) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 06/15/2016) |
| 06/20/2016 | 9 | | RESPONSE to 6 MOTION to Dismiss filed by Ryan Patrick Nicholl. (Attachments: # 1 Exhibit 1) (jtj) (Entered: 06/21/2016) |
| 06/27/2016 | 10 | | Withdrawal of Motion 6 MOTION to Dismiss filed by Board of Regents of the University System of Georgia filed by Board of Regents of the University System of Georgia. (Jacobs, Julie) (Entered: 06/27/2016) |
| 06/27/2016 | 11 | | AMENDED MOTION to Dismiss with Brief In Support by Board of Regents of the University System of Georgia. (Attachments: # 1 Brief Defendants' Brief in Support of Its Amended Motion to Dismiss)(Jacobs, Julie) Modified on 6/28/2016 to reflect e−filed document. (jtj) (Entered: 06/27/2016) |
| 06/28/2016 | | | Notification of Docket Correction re 11 AMENDED MOTION to Dismiss. E−filed pleading modified to reflect filing as an Amended Motion to Dismiss. (jtj) (Entered: 06/28/2016) |
| 07/05/2016 | 12 | | RESPONSE in Opposition to 11 AMENDED MOTION to Dismiss filed by Ryan Patrick Nicholl. (jtj) (Entered: 07/06/2016) |
| 07/07/2016 | | | Submission of 7 MOTION for Leave to File documents in the "Times Roman" 14 pt. font and for leave to send electronic copies in PDF, TXT, LYX, or HTML format, submitted to District Judge Amy Totenberg. (jtj) (Entered: 07/07/2016) |
| 07/25/2016 | | | Submission of 11 AMENDED MOTION to Dismiss, submitted to District Judge Amy Totenberg. (jtj) (Entered: 07/25/2016) |
| 08/02/2016 | 13 | | ORDER DIRECTING the Parties to file their JPRDP NO LATER THAN AUGUST 16, 2016. The Parties are ADVISED that the failure to do so may result in dismissal pursuant to Local Rule 41.3A(2) for failure to comply with a lawful order of this Court. The Clerk is DIRECTED to resubmit this matter |

2

| | | | |
|---|---|---|---|
| | | | to the undersigned on August 17, 2016 if no JPRDP is filed. Signed by Judge Amy Totenberg on 8/02/2016. (jtj) (Entered: 08/02/2016) |
| 08/02/2016 | | | ORDER GRANTING AS UNOPPOSED 7 Motion for Leave to File documents in Times Roman 14 point font and to send electronic copies in PDF, TXT, LYX, or HTML format. Ordered by Judge Amy Totenberg on 8/02/2016. (Contained within 13 Order) (jtj) (Entered: 08/02/2016) |
| 08/02/2016 | | | Clerk's Certificate of Mailing as to Ryan Patrick Nicholl re 13 Order. Notice of street name change for the Atlanta courthouse included. (jtj) (Entered: 08/02/2016) |
| 08/02/2016 | 14 | | MOTION to Stay *All Discovery Related Activities* with Brief In Support by Board of Regents of the University System of Georgia. (Attachments: # 1 Text of Proposed Order)(Jacobs, Julie) (Entered: 08/02/2016) |
| 08/11/2016 | 15 | | JOINT PRELIMINARY REPORT AND DISCOVERY PLAN filed by Board of Regents of the University System of Georgia. (Jacobs, Julie) (Entered: 08/11/2016) |
| 08/12/2016 | | | Submission of 15 Joint Preliminary Report and Discovery Plan to District Judge Amy Totenberg. (bnw) (Entered: 08/12/2016) |
| 08/15/2016 | 16 | | Plaintiff's Initial Disclosures by Ryan Patrick Nicholl. (jtj) (Entered: 08/16/2016) |
| 08/16/2016 | 17 | | PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN filed by Ryan Patrick Nicholl. (jtj) (Entered: 08/16/2016) |
| 08/17/2016 | 18 | | SCHEDULING ORDER APPROVING 15 Joint Preliminary Report and Discovery Plan. Signed by Judge Amy Totenberg on 8/17/2016. (jtj) (Entered: 08/17/2016) |
| 08/17/2016 | | | ORDER GRANTING 14 Motion to Stay all discovery related deadlines pending the Court's ruling on the Motion to Dismiss. In the event the Court denies the Motion to Dismiss with respect to any of the claims asserted by Plaintiff in the Complaint, this case will be assigned to an 8 month discovery track commencing 10 days following the entry of the Court's order on the motion. Ordered by Judge Amy Totenberg on 8/17/2016. (Contained within the Scheduling Order) (jtj) (Entered: 08/17/2016) |
| 08/17/2016 | | | Clerk's Certificate of Mailing as to Ryan Patrick Nicholl re 18 Scheduling Order. Notice of street name change for the Atlanta courthouse included. (jtj) (Entered: 08/17/2016) |
| 11/30/2016 | 19 | 5 | ORDER granting Defendant's 11 Motion to Dismiss Plaintiff's claims in this Court as barred by the Eleventh Amendment. Plaintiff's claims based on state law claims are DISMISSED WITHOUT PREJUDICE. Signed by Judge Amy Totenberg on 11/30/2016. (dfb) (Entered: 11/30/2016) |
| 11/30/2016 | 20 | 17 | CLERK'S JUDGMENT in favor of Defendant against Plaintiff. (dfb)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 11/30/2016) |
| 11/30/2016 | | | Clerks Certificate of Mailing as to Ryan Patrick Nicholl re 19 Order on Motion to Dismiss, 20 Clerk's Judgment. Notice of street name change for the |

| | | | |
|---|---|---|---|
| | | | Atlanta courthouse included. (dfb) (Entered: 11/30/2016) |
| 11/30/2016 | | | Civil Case Terminated. (dfb) (Entered: 11/30/2016) |
| 12/07/2016 | 21 | | MOTION to Vacate Judgement and MOTION for Leave to Amend by Ryan Patrick Nicholl. (jkl) (Entered: 12/08/2016) |
| 12/12/2016 | 22 | 18 | ORDER DENYING 21 Motion to Vacate and DENYING as futile 21 Motion to Amend Complaint. Signed by Judge Amy Totenberg on 12/12/16. (jkl) (Entered: 12/12/2016) |
| 12/12/2016 | | | Clerks Certificate of Mailing as to Ryan Patrick Nicholl re 22 Order on Motion to Vacate, Order on Motion to Amend. Notice of street name change for the Atlanta courthouse included. (jkl) (Entered: 12/12/2016) |
| 12/27/2016 | 23 | 20 | NOTICE OF APPEAL as to 19 Order on Motion to Dismiss, 20 Clerk's Judgment and 22 Order on Motion to Vacate, Order on Motion to Amend by Ryan Patrick Nicholl. Transcript Order Form due on 1/10/2017.(cc:USCA)(pjm) (Entered: 12/27/2016) |
| 12/27/2016 | 24 | 25 | USCA Appeal Fees received $ 505.00 receipt number GAN100088977 re: 23 Notice of Appeal, filed by Ryan Patrick Nicholl. (pjm) (Entered: 12/27/2016) |
| 12/29/2016 | 25 | | DOCUMENT FILED IN ERRORTransmission of Certified Copy of Notice of Appeal, Clerk's Judgment, Orders and Docket Sheet to US Court of Appeals re: 23 Notice of Appeal. (kac) Modified on 12/29/2016 (kac). (Entered: 12/29/2016) |
| 12/29/2016 | 26 | 26 | NOTICE Of Filing Appeal Transmission Letter by Ryan Patrick Nicholl re: 23 Notice of Appeal. (kac) (Entered: 12/29/2016) |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN PATRICK NICHOLL, *Pro Se*  :
             :
   Plaintiff,      :
             :
   v.         :
             :
BOARD OF REGENTS OF THE  :  CIVIL ACTION NO.
UNIVERSITY SYSTEM OF   :  1:16-cv-01350-AT
GEORGIA,        :
             :
   Defendant.     :

## ORDER

Plaintiff, a student at Kennesaw State University, filed this *pro se* Complaint[1] against the Board of Regents of the University System of Georgia (hereinafter referred to as "the University" or "the Board of Regents") challenging the University's mandatory meal plan as improper and unlawful under both state and federal legal principles.  The case is before the Court on Defendant's Motion to Dismiss [Doc. 11].

---

[1] Plaintiff filed his original Complaint on April 26, 2016 and Defendant filed a Motion to Dismiss on June 7, 2016.  After Plaintiff filed an Amended Complaint on June 13, 2016, Defendant withdrew its motion and subsequently filed a Motion to Dismiss the Amended Complaint.

## I.   SUMMARY OF PLAINTIFF'S ALLEGATIONS[2]

Kennesaw State University ("KSU") charged Plaintiff $630 for meal plans he did not want for the 2015-2016 academic year.  (*See generally,* Am. Compl.)  Plaintiff was charged $475 for the Fall 2015 term on August 13, 2015, and $160 for the Spring 2016 term on January 7, 2016.   (*See id.* ¶ 3.)

Plaintiff alleges that he did not agree to a mandatory meal plan.  Instead, he alleges that: (a) during registration the only indication "was that students 'may' be charged a meal plan," (b) "posting a policy about which students will be charged a meal plan contract" on the website did not constitute "adequate notice," and (c) "the terms of the registration agreement did not specify that the Plaintiff 'would' be bound by such terms."[3]  (*See id.* ¶¶ 5-6.)  According to Plaintiff, he discovered on KSU's website "at least one 'meal plan contract'" that contained an "individual signature line."  (*Id.* ¶ 5.)  Plaintiff alleges he never signed a meal plan contract, and did not otherwise agree to the terms and conditions of the separate meal plan contract.  (*Id.*)  He therefore asserts that "the registration agreement terms relating to the Mandatory Meal Plans are

---

[2] Plaintiff's Complaint, as amended, does not contain much in the way of contextual facts or background, i.e. the Complaint does not actually allege that Plaintiff was a student enrolled Kennesaw State University.  Thus, the following summary is not a statement of the actual facts, but is a summary based on the Court's effort to draw reasonable inferences from Plaintiff's allegations in an effort to fill in the factual gaps.

[3]  According to the information regarding meal plans on KSU's website — http://dining.kennesawstateauxiliary.com/meal-plans/faq/ — students are automatically assigned a meal plan, although the plans differ based on the circumstances (i.e. whether the student is a first year living in campus residential housing or is a commuter).  The meal plan requirement was recommended by the Student Government Association (SGA) in order to "enhance the quality of campus life and increase student involvement on campus" and to support the various dining halls on campus. Certain students are automatically exempt from the required meal plans if they take little or no courses on campus.

illusory and [] invalid" and that the contract unilaterally dictates the terms of the agreement without the consent of the parties.  (*Id.* ¶ 6.)  Plaintiff further alleges that he did not "obtain any meals" during either of the meal plan terms, "making the contract if it did exist void due to unconscionably [sic] and failure of consideration." (*Id.* ¶ 7.)

According to the Complaint, in order to obtain a "Meal Plan Exemption for 2015-2016," Plaintiff was required to submit the necessary forms "no later than August 3rd 2015 by 5:00pm," and that the failure to submit the forms by the deadline results in a "failed appeal."  (*Id.* ¶ 4.)  Plaintiff contested the charge for the Fall 2015 term meal plan and requested that the meal plan be removed and submitted his petition via email on August 20, 2015.  (*See id.*)  According to Plaintiff, KSU allows for certain meal plan exemptions due to medical or financial reasons, but does not allow students to opt out of meal plans for legal reasons. (*See id.*)  Plaintiff alleges that he explained the basis for his objection to the meal plan, through various administrative channels, to KSU through its Assistant General Counsel, Jermaine Johnson.  (*See id.*) Mr. Johnson refused Plaintiff's demand for an administrative hearing and rejected his request for an exemption from the meal plan.  (*See id.*)

Plaintiff contends that "the Mandatory Meal Plans are illegal because the 'opt-out' deadline ends before eligibility for the mandatory meal plan is determined, violating Due Process under both the Georgia Constitution and U.S. Constitution.  The Plaintiff was deprived of property without Due Process of law,

3

and without proper notice and opportunity." (*Id.* ¶ 8.) Plaintiff further alleges that the administrative remedies provided were "exhausted, futile and inadequate" because the opt-out procedure does not provide an option to opt-out for legal reasons and do not afford Plaintiff a right to a jury trial. (*See id.* ¶ 9.) Also according to the Complaint, the Mandatory Meal Plans are not authorized by the Board of Regents "because the implementation does not meet the definition of a 'food service fee'" under the Board of Regents Policy Manual § 7-3-2-2 and "Plaintiff is not aware of any authorization of the fees as a 'mandatory fee.'" (*Id.* ¶ 10.)

Plaintiff asserts that the Mandatory Meal Plans "are in general restraint of trade and an illegal tying arrangement" in violation of O.C.G.A. § 13-8-2, 15 U.S.C. § 1-7 *et seq.*, and 15 U.S.C. § 12-27 *et seq.*, because they "tie unrelated services of food and education together" and "affect a substantial amount of commerce." (*Id.* ¶ 11.) Plaintiff further asserts that Defendant attempts to force students to purchase a Mandatory Meal Plan to promote interests of the Defendant's contractors and affiliates in an anti-competitive manner, and that "on information and belief" the Board of Regents "consists of active market participants and is not actively supervised by the State." (*Id.*)

Plaintiff asserts that "any regulation requiring students to purchase specific meal plans burdens interstate commerce." (*Id.* ¶ 12.) He contends that contrary to Defendant's requirement that he purchase meals from Defendant and its contractors, "Plaintiff wishes to purchase his meals from out of state." (*Id.*) He

4

further alleges that by compelling "individuals to purchase, from particular in-state corporations, life essential products" the State "in effect discriminates against out-of-state corporations which provide the same services. (*Id.*)

Plaintiff asserts that "[i]f the Mandatory Meal Plans *were* a tax, they would be an unconstitutional one under the Due Process, Equal Protection, First Amendment and Fifth Amendment." (*Id.* ¶ 13.)

Plaintiff asserts, generally:

> The denial of higher education without agreeing to the terms of a contract is a sufficient coercive factor to implicate the fundamental rights under both the State and Federal Constitution . . . By requiring potential practitioners of specific occupations to obtain degrees from accredited institutions in order to practice such occupations, the Government requires individuals to accept one of a number of certain contracts in order to legally practice in the fields of such regulated occupations . . . When the very institutions that we call 'public' schools fail to provide contracts which respect the fundamental rights of individuals, it becomes questionable whether it is possible for a person to obtain licensing in a regulated occupational field without surrendering their constitutional rights. The government must provide avenues for professional licensing that do not require agreement to contracts which infringe the fundamental rights of the people.

(*Id.* ¶ 14.)

Plaintiff asserts that the choice of culinary provider "is an unenumerated right" under both the Georgia Constitution and the U.S. Constitution. (*Id.* ¶ 15.)

Plaintiff asserts that requiring students to purchase meal plans violates the freedom of assembly because (a) it coerces students to assemble in specific areas, (b) only certain persons may assemble at the eateries, and (c) meals are a traditional time in which persons assemble. (*See id.* ¶ 16.)

Plaintiff asserts that the Mandatory Meal Plans are "illegal because students are illegally searched upon entry to the eateries without reasonable suspicion or probable cause" when students are required to scan a meal plan card to an automated system that tracks the activities of the students. Plaintiff contends this "is a form of mass surveillance" in violation of the Fourth and Fifth Amendments and the Equal Protection Clause.

Plaintiff filed his suit against the Board of Regents because Kennesaw State University is not a distinct legal entity from the Board of Regents. He seeks an injunction against the Board of Regents from enforcing any Mandatory Meal Plan against Plaintiff in the future, treble damages of $1,905 pursuant to Federal Antitrust Law, and an award of court costs.

## II.  STANDARD OF REVIEW ON A MOTION TO DISMISS

A complaint is subject to dismissal under Rule 12(b)(6) where it appears that the facts alleged fail to state a "plausible" claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007); Fed. R. Civ. P. 12(b)(6). A claim is plausible when the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Twombly*, 550 U.S. at 556. A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To survive dismissal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 555, 570; *Iqbal*, 556 U.S. at 678. Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. (citing Fed. Rule Civ. Proc. 8(a)(2)).

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79. In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. 678-79).

The Court recognizes that Plaintiff is appearing *pro se*. Thus, his Complaint is more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1998), cert. denied, 493 U.S. 863 (1989). Nor does this leniency require or allow courts "to

rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## III. DISCUSSION

Defendant seeks to dismiss Plaintiff's claims either as barred, in whole or in part, by sovereign immunity under the Eleventh Amendment, or for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the Eleventh Amendment does not expressly bar suits against a State by its own citizens, the Supreme Court has consistently held that an unconsenting State's protection from suit extends to those brought in federal courts by the State's own citizens. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997); *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990). And it is clear that the Eleventh Amendment proscribes suits against a State's agencies or departments as the defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984); *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir. 1985). "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* (citing *Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in

8

equity as well as at law, the Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State")). Thus, actions for injunctive relief against a State or its instrumentality are barred by the Eleventh Amendment. *Harden*, 760 F.2d at 1163.

It is well-settled that "[t]he Board of Regents is the state agency vested with the governance, control, and management of the University System of Georgia. Ga. Const. Art. VIII, Sec. IV, Par. I(b)." *Olvera v. University System of Georgia's Bd. of Regents*, 782 S.E.2d 436, 437-38 (Ga. 2016) (quoting *Wilson v. Board of Regents of the University System of Georgia*, 419 S.E.2d 916 (Ga. 1992)). It is therefore settled that the Board "is an agency of the State to which sovereign immunity applies." *Id.*; *Barnes v. Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012).

Sovereign immunity gives way only under two circumstances. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, Congress may authorize suit under its power to enforce the Fourteenth Amendment, and second, a State may waive its sovereign immunity by consenting to suit. *Id.* The "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Id.* at 675–76 (quoting *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985)). A State does not consent to suit in federal court merely by consenting to suit in its own courts, by stating its intention "to sue and be sued," or by authorizing suits against it "in any court of competent jurisdiction." *Id.* (citing cases); *Barnes v.*

*Zaccari*, 669 F.3d 1295, 1308 (11th Cir. 2012) ("A waiver of Eleventh Amendment immunity must specifically permit suits in federal court."); *Jagnandan v. Giles*, 538 F.2d 1166, 1172 (5th Cir. 1976) ("The [Eleventh] amendment has been judicially construed to bar federal jurisdiction over suits brought against a state by its own citizens, despite the absence of language to that effect."). Neither circumstance applies in this case.

While Georgia has waived its sovereign immunity for actions sounding in contract in its own state courts, Georgia has not waived its Eleventh Amendment immunity from suit in federal court. *Barnes*, 669 F.3d at 1308 (stating that Ga. Const. art. 1, § 2, para. IX(c) waives the state's sovereign immunity for actions *ex contractu* and O.C.G.A. § 50−21−1(a) waives the state's sovereign immunity for breach of contract claims, but neither provision expressly consents to suits in federal court). Thus, to the extent Plaintiff seeks to assert contract based claims against the Board of Regents, the Eleventh Amendment prohibits the assertion of such claims in this Court. *Id.*

Plaintiff's alleged claims against the Board of Regents under the Federal anti-trust laws are barred by sovereign immunity. *See Parker v. Brown*, 317 U.S. 341, 350-352 (1943) (establishing the general proposition that states acting in their sovereign capacities are exempt from federal antitrust laws); *Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1028 (5th Cir. 1973)[4] (reasoning that the

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the  former Fifth Circuit rendered prior to the close of business on September 30, 1981.

University Interscholastic League and its officials, as part of the Extension Division of the University of Texas, were entitled to antitrust immunity as the state acting in its sovereign capacity) (quoting *Alabama Power Co. v. Alabama Elec. Co-op., Inc.*, 394 F.2d 672, 675 (5th Cir. 1968) ("[I]t is settled that neither the Sherman Act nor the Clayton Act was intended to authorize restraint of governmental action."); *see also Pharmaceutical and Diagnostic Services, Inc. v. University of Utah*, 801 F. Supp. 508, 513-15 (D. Utah 1990) (holding that State University and Board of Regents were immune from suit alleging antitrust violations as a result of University's operation of radiopharmacy).

The only other federal statute at issue here is 42 U.S.C. § 1983 — the vehicle through which Plaintiff seeks to assert his constitutional claims. Section 1983 does not abrogate state sovereign immunity to authorize suits against a state. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989); Thus, Plaintiff's alleged Due Process, Equal Protection, First Amendment and Fifth Amendment challenges are barred by sovereign immunity under the Eleventh Amendment. See *Harden*, 760 F.2d at 1162-64 (holding that suit by tenured faculty member against State university alleging that his termination violated his right to free speech and due process was barred by sovereign immunity); *Jagnandan v. Giles*, 538 F. 2d 1166, 1184-85 (5th Cir. 1976) (holding that Mississippi had not waived its sovereign immunity under the Eleventh Amendment with respect to Mississippi State University to suit challenging constitutionality of state statute classifying all alien

11

students, even Mississippi residents, as non residents for tuition and fee purposes as violation of Fourteenth Amendment); *Duke v. Hamil*, 997 F. Supp. 2d 1291 (N.D. Ga. 2014) (holding that Board of Regents of University System of Georgia was entitled to Eleventh Amendment immunity from suit brought pursuant to § 1983 for alleged retaliatory demotion in violation of First Amendment).

## IV.   CONCLUSION

While Plaintiff provided a host of detailed arguments why he believes the Eleventh Amendment should not bar his claims, governing federal law is well settled as to the Eleventh Amended defenses presented here.  For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 11] Plaintiff's claims in this Court as barred by the Eleventh Amendment.  Plaintiff's claims based on state law are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of November, 2016.

**Amy Totenberg**
**United States District Judge**

12

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RYAN PATRICK NICHOLL,

                      Plaintiff,

vs.

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA,

                  Defendant.

CIVIL ACTION FILE

NO. 1:16-cv-1350-AT

## J U D G M E N T

This action having come before the Court, Honorable Amy Totenberg, United States District Judge, for consideration of Defendant's Motion to Dismiss the Amended Complaint, and the Court having granted said motion, it is

**Ordered and Adjudged** that the Plaintiff take nothing and that the Defendant recover its costs of action. Plaintiff's claims in this Court as barred by the Eleventh Amendment are dismissed. Plaintiff's claims based on state law are **dismissed without prejudice**. This action is **dismissed**.

Dated at Atlanta, Georgia, this 30th day of November, 2016.

JAMES N. HATTEN
CLERK OF COURT

By:   s/ Denza F. Bankhead  
            Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
  November 30, 2016
James N. Hatten
Clerk of Court

By:  s/ Denza F. Bankhead  
          Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RYAN PATRICK NICHOLL, *Pro Se*     :
                                    :
     Plaintiff,     :
                                      :
     v.     :
                                      :
BOARD OF REGENTS OF THE     :        CIVIL ACTION NO.
UNIVERSITY SYSTEM OF     :        1:16-cv-01350-AT
GEORGIA,     :
                                      :
     Defendant.     :

## ORDER

This matter is before the Court on Plaintiff's Motion to Vacate and for Leave to Amend [Doc. 21]. Plaintiff moves to vacate the judgment entered against him and the Court's dismissal of his Amended Complaint on Eleventh Amendment sovereign immunity grounds. Plaintiff asserts that the Court failed to address the arguments in his Response filed in opposition to Defendant's Motion to Dismiss and believes that the Clerk failed to submit Plaintiff's Response brief to the undersigned for consideration in connection with Defendant's Motion.

As stated on page 12 of the conclusion of the November 30, 2016 Order, the Court acknowledged Plaintiff's Response in opposition to the Motion to Dismiss, stating, "[w]hile Plaintiff provided a host of detailed arguments why he believes the Eleventh Amendment should not bar his claims, governing federal law is well

settled as to the Eleventh Amended defenses presented" by Defendant's Motion to Dismiss. (Doc. 19 at 12.) Accordingly, as the Court carefully considered the arguments raised by both Plaintiff and Defendant, the Court **DENIES** Plaintiff's Motion to Vacate [Doc. 21].

Because "a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction," Plaintiff's request for leave to amend his Complaint [Doc. 21] is **DENIED** as futile. *See Pelham v. Bd. of Regents of Univ. Sys. of Georgia*, 743 S.E.2d 469, 470 n.1 (2013) ("a motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction"); *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010) ("a dismissal on sovereign immunity grounds should be pursuant to Rule 12(b)(1) because no subject-matter jurisdiction exists") (citing *Bennett v. United States*, 102 F.3d 486, 488 n. 1 (11th Cir. 1996)).

**IT IS SO ORDERED** this 12th day of December, 2016.

**Amy Totenberg**
**United States District Judge**

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC 27 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University

System of Georgia

*Defendant*

Civil Action No. 1:16-CV-1350-AT

## NOTICE OF APPEAL

The Plaintiff hereby **APPEALS** from the Judgment of the District Court, pursuant

to F.R.A.P. § 3(a)(1) et seq.

## F.R.A.P. § 3(c)(1)(A)

The party appealing is the Plaintiff, Ryan Nicholl.

## F.R.A.P. § 3(c)(1)(B)

The Plaintiff appeals from the orders entered in the United States District Court

for the Northern District of Georgia, case number 1:16-CV-1350-AT, in Doc 19,

Doc 20, dismissing the case and ordering payment of "costs"; and Doc 22, denying

motion to vacate judgment and for leave to amend as "futile".

1

## **F.R.A.P. § 3(c)(1)(C)**

This appeal shall be taken to the United States Court of Appeals for the 11th

Circuit.

Respectfully submitted,

*[signature]* 2016-12-26

Ryan Patrick Nicholl               Date
950 Hudson Rd SE
APT 202
Marietta GA, 30060
(678) 358-7765
*Plaintiff Name, Address and
Phone*

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Ryan Patrick Nicholl

*Plaintiff*

*v.s.*

Board of Regents of the University

System of Georgia

*Defendant*

Civil Action No. 1:16-CV-1350-AT

## CERTIFICATION OF FORMATTING

I certify that I have prepared these documents in Times Roman 14 pt font, with 1 inch margins on the sides and bottom and 1.5 inch margins at the top as required.

Respectfully submitted,

Ryan Patrick Nicholl
950 Hudson Rd SE
APT 202
Marietta GA, 30060
(678) 358-7765
*Plaintiff Name, Address and Phone*

2016-12-26
Date

1

UNITED STATES DISTRICT COURT
**NORTHERN DISTRICT OF GEORGIA**
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
CLERK OF COURT

**DOCKETING SECTION**
404-215-1655

December 27, 2016

Ryan Patrick Nicholl
950 Hudson Rd SE
APT 202
Marietta, GA 30060
678-358-7765
PRO SE

> **Re:** ***Ryan Patrick Nicholl v. Board of Regents of the University System of Georgia***
> **Civil Action No.: 1:16-cv-1350-AT**

Dear Mr. Nicholl:

On December 27, 2016 we received and filed your Notice of Appeal for the above case. Please be advised that we did not receive the following:

   **X**    **Appeal fee $505.00**  **(Docketing fee $500.00 and Filing fee $5.00)**

   **X**    **or Application to proceed on appeal *in forma pauperis*.**

   **X**    **Please complete the attached appeal information sheet as directed.**

Sincerely,

James N. Hatten
District Court Executive and
Clerk of Court

By:  P. McClam
Deputy Clerk

cc:   USCA

23

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF GEORGIA
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE, SW
ATLANTA, GEORGIA 30303-3361

JAMES N. HATTEN
DISTRICT COURT EXECUTIVE
AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

December 27, 2016

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia   30303

      **U.S.D.C. No.: 1:16-cv-1350-AT**
      **U.S.C.A. No.: 00-00000-00**
      **In re:**     ***Ryan Patrick Nicholl v. Board of Regents of the University System of Georgia***

      Enclosed are documents regarding an appeal in this matter.  Please acknowledge receipt on the enclosed copy of this letter.

  **X**     **Certified copies of the notice of appeal, docket sheet and judgment and/or order appealed enclosed.**

_____     This is not the first notice of appeal.  Other notices were filed on: .

  **X**     **There is no transcript.**

_____     The court reporter is .

_____     There is sealed material as described below: .

_____     Other: .

_____     Fee paid on .

_____     Appellant has been  leave to file *in forma pauperis.*

_____     This is a bankruptcy appeal.  The Bankruptcy Judge is .

_____     The Magistrate Judge is .

  **X**     **The District Judge is Amy Totenberg.**

_____     This is a **DEATH PENALTY** appeal.

                        Sincerely,

                        James N. Hatten
                        District Court Executive
                        and Clerk of Court

              By:    <u>P. McClam</u>
                    Deputy Clerk

Enclosures

APPEAL RECEIPT SHEET

Case Number: ___1:16-cv-1350___

Date fee paid
over the counter: ___12/27/16 - Temp Receipt #088507 by CG___

Date fee paid and date check
receipted from check log: _____

Transcript Order Form
given to attorney/courier:    Yes _____

No ___✓___

```
Court Name: Northern District of Georgia
Division: 1               88977
Receipt Number: GAN100088977
Cashier ID: jwhite
Transaction Date: 12/27/2016
Payer Name: RYAN PATRICK NICHOLL
-------------------------------
NOTICE OF APPEAL/DOCKETING FEE
 For: RYAN PATRICK NICHOLL
 Case/Party: D-GAN-1-16-CV-001350-001
 Amount:     $505.00
-------------------------------
PAPER CHECK CONVERSION
 Check/Money Order Num: 6695101513
 Amt Tendered:  $505.00
-------------------------------
Total Due:     $505.00
Total Tendered: $505.00
Change Amt:     $0.00

PAYMENT RECEIVED OVER THE COUNTER
(OTC) 12/27/16 - TEMP RECEIPT NO.
088507 GIVEN BY CG


With a check payment you authorize
us either to use information from
your check to make a one-time
electronic fund transfer from your
account or to process the payment
as a check transaction. For
inquiries or privacy
information,call 404-215-1625
```

25

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

**JAMES N. HATTEN**
**DISTRICT COURT EXECUTIVE**
**AND CLERK OF COURT**

DOCKETING SECTION
404-215-1655

December 29, 2016

Clerk of Court
U.S. Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia   30303

       **U.S.D.C. No.: 1:16-cv-1350-AT**
       **U.S.C.A. No.: 00-00000-00**
       **In re:**     ***Ryan Patrick Nicholl v.* Board of Regents of the University System of Georgia**

       Enclosed are documents regarding an appeal in this matter.  Please acknowledge receipt on the enclosed copy of this letter.

   X   **Certified copies of the Notice of Appeal, Docket Sheet, Clerk's Judgment and Orders appealed enclosed.**

       This is not the first notice of appeal.  Other notices were filed on: .

   X   **There is no transcript.**

       The court reporter is .

       There is sealed material as described below: .

       Other: .

   X   **Fee paid on 12/27/16; Receipt Number GAN100088977.**

       Appellant has been  leave to file *in forma pauperis.*

       This is a bankruptcy appeal.  The Bankruptcy Judge is .

       The Magistrate Judge is .

   X   **The United States District Judge is .Amy Totenberg**

       This is a **DEATH PENALTY** appeal.

             Sincerely,

             James N. Hatten
             District Court Executive
             and Clerk of Court

            By:   /s/  Kimberly Carter
                 Deputy Clerk

Enclosures